## In re BEAUMONT.
### Patent Appeal No. 2952.

Court of Customs and Patent Appeals.
May 23, 1932.

Frank B. Fox and Fraley & Paul, all of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

All of appellant's claims, 8 to 12, inclusive, for a patent relating to a method and apparatus for quenching hot and incandescent materials, were rejected by the Examiner, which rejection was affirmed by the Board of Appeals of the United States Patent Office. From the decision of the Board of Appeals, appeal is taken to this court.

Claims 8 and 10 are illustrative and follow:

"8. The method of dry quenching hot and incandescent material which comprises, periodically gravitating charges of the material into an airtight enclosure, subjecting

the enclosed charge to the dampening action of inert gases generated therein incident to its isolation from the air, and concurrently extracting and conducting away the heat of the charge for practical re-use."

"10. Apparatus for dry quenching hot and incandescent material comprising a receiving hopper, a subjacent damping enclosure with a controlled discharge outlet and including heat extracting means, and means intermediate the hopper and said section [enclosure] to isolate and seal the latter against entry of air, for the purpose specified."

The references relied on are: Holcomb, 370,142, September 20, 1887; Danner, 1,375,- 679, April 26, 1921; (Br.) Sulzer et al., 196,217, April 19, 1923; (Br.) Sulzer et al., 202,315, May 8, 1924.

In describing the invention, the Board of Appeals said: "The invention is an apparatus for and method of dry quenching ashes. The apparatus comprises a hopper which receives ashes from a furnace. An auxiliary ash pocket is located below the hopper to receive ashes therefrom. The pocket has air tight side walls and is closed · air tight by a sliding gate at the top and a pivoted gate at the bottom. The pivoted gate is clamped into air tight engagement with the pocket walls when closed by means of hand operated eccentric sleeves. The side walls of the hopper are provided with water pipes adapted to extract waste heat from the ashes so it can be employed for useful purposes. In carrying out the method the sliding gate is first opened to admit ashes to the pocket and the gate is then closed. As no air can enter the pocket the ashes are quenched. The carbon dioxide generated in the pocket and the extraction of the heat by the water pipes tend to aid in the quenching."

The claims were all rejected upon Holcomb except as to the references in the claims relating to the extracting and conducting away of the heat, which feature, it is conceded, is anticipated by the other references cited.

We agree with the decision of the Board and of the Examiner that the Holcomb reference completely anticipates the features of the claims other than as above indicated. Holcomb relates to an ash chute for stoves. Appellant's claims, with the above exception, read directly upon the Holcomb structure. Appellant's alleged invention and the patent to Holcomb are in analogous arts, and it would not require invention to apply the·

method of Holcomb in quenching ashes which come from a stove to quenching the ashes which come from a furnace, nor can we see any patentable distinction between the apparatus of appellant and that of Holcomb.

It is argued here by appellant that the Holcomb structure would admit air through certain holes into the chamber which the Patent Office regarded as comparable to the damping chamber in appellant's device. Air, no doubt, to some extent would enter the chambers in both structures, and the small differences in amounts, under the circumstances of this case, would be immaterial.

Appellant emphasizes that his application relates to a very large installation where the problem is different from that of removing ashes from a stove. The difference in size of the structure of the applicant and that of the reference would, under the circumstances at bar, be immaterial. In re Williams, 36 F.(2d) 436, 17 C. C. P. A. 718.

We agree with the conclusion of the Board of Appeals and the reasons assigned therefor, and its decision is affirmed.

Affirmed.